43 F.3d 1485
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gary ANDERSON, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 94-3374.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1994.
 
 Before ARCHER, Chief Judge, NIES and NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Mr. Gary Anderson appeals the decision of the Merit Systems Protection Board, PH0752920472-M-1, affirming his removal from the position of correctional officer, based on charges of falsification of employment documents and security investigation forms. The Board's decision is affirmed.
 
 
 2
 The Administrative Judge (AJ) required that the agency show not only that the information provided by the employee was incorrect, but that the falsification was intentional and made for the purpose of deceiving or misleading the agency. Naekel v. Department of Transportation, 782 F.2d 975, 978 (Fed.Cir.1986). Mr. Anderson states that his errors concerning dates of employment were due to haste and alcohol abuse, and his belief that he had resigned from the sheriff's department.
 
 
 3
 Mr. Anderson states that he had resigned his position suddenly based on discovery of improper practices, and that later the same day he was handed a one-sentence letter of termination, effective at midnight. Indeed, this letter does not resemble a letter of termination for misconduct or other cause. There is no explanation offered for this unusual letter, other than that of Mr. Anderson, which is that it was written after he voluntarily turned in his badge. Mr. Anderson also argues that the AJ gave insufficient weight to the testimony of his supervisor Mr. Lattin, to the effect that he resigned and was not removed for misconduct.
 
 
 4
 However, as the AJ states, Mr. Anderson later appealed the termination to an arbitrator, an action that contravenes Mr. Anderson's position that his resignation was voluntary. On this balance of conflicting evidence and inferences, credibility becomes a significant factor, and we must defer to the findings of the administrative judge, who viewed the witnesses and heard their testimony. See Clark v. Department of the Army, 997 F.2d 1466, 1473 (Fed.Cir.1993) (credibility determinations are virtually unreviewable).
 
 
 5
 The AJ pointed to Mr. Anderson's coherent and detailed testimony as to his employment history, as evidence of his overall competence and the unlikelihood that he made an innocent error of over two years on his federal forms. We think that such a conclusion by the trier of fact is inappropriate, for a litigant is indeed likely to be well prepared for his own trial, with his recollection fully refreshed. However, even without this improper adverse inference, on the entirety of the record the findings of the Board are sufficiently supported, with respect both to the major discrepancy in employment dates, and the conflicting evidence concerning Mr. Anderson's termination. On our standard of appellate review, the Board's findings must be sustained.
 
 
 6
 We have considered the severity of the penalty of removal and the application of the Douglas factors, Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305-06 (1981), and conclude that it was not unreasonable for the agency to hold an employee in the law enforcement field to rigorous standards. The penalty of removal, for the infractions found by the Board, is within the range permitted by Douglas.
 
 
 7
 NIES, Circuit Judge, concurs in the result.